UNITED STATES of America ex rel. Roland A. LeBLANC, Plaintiff–Relator, Appellant,

v.

RAYTHEON COMPANY, INC., Defendant.

No. 90–1246.

United States Court of Appeals, First Circuit.

Heard Aug. 2, 1990.

Decided Sept. 4, 1990.

Rehearing Denied Oct. 16, 1990.

---

18

James C. Heigham, with whom Francisca D. Morant, Choate, Hall & Stewart, Charles B. Molineaux and Dempsey, Bastianelli, Brown & Touhey, were on brief, for Roland A. LeBlanc, plaintiff-relator, appellant.

Michael F. Hertz, Civ. Div., U.S. Dept. of Justice, Stuart M. Gerson, Asst. Atty. Gen., and Wayne A. Budd, U.S. Atty., were on brief, for U.S.

Before TORRUELLA and CYR, Circuit Judges, and BOWNES, Senior Circuit Judge.

TORRUELLA, Circuit Judge.

This is an appeal from an order entered by the United States District Court for the District of Massachusetts dismissing for lack of jurisdiction a *qui tam* action brought under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, by Roland A. LeBlanc (appellant) against Raytheon Company, Inc. (appellee). 729 F.Supp. 170. Although we agree with the result reached by the district court, we find its reasoning overly broad and conclusive.

## I. FACTS

Roland LeBlanc filed this lawsuit on October 21, 1988 under the False Claims Act, 31 U.S.C. §§ 3729–3733 (1988). LeBlanc's complaint alleged that, during his employment as a Quality Assurance Specialist for the United States Government Defense Contract Administrative Service ("DCAS"), he observed fraud in the handling of government contracts by the defendant Raytheon Company, Inc. ("Raytheon").

Under the False Claims Act, a *qui tam* action must first be served on the United States, rather than on a defendant. It is filed *in camera*, where it remains under seal for at least sixty days. 31 U.S.C.A. § 3730(b)(2). Within those sixty days, the government has the option to intervene and take over the prosecution of the case. *Id.* If the government chooses to intervene, it becomes the primarily responsible party, although the *qui tam* plaintiff, also known as the "relator," may still continue as a party. 31 U.S.C.A. § 3730(c)(1). If the government chooses not to intervene, the relator then has the right to proceed with the case on his own, with the hope of recovering a portion of any consequent damages and penalties. 31 U.S.C.A. §§ 3730(c)(3) and (d)(2). When declining to appear, the government may reserve the right to object to the relator's right under 31 U.S.C.A. § 3730(d) to recover, if successful, a percentage of the proceeds from the prosecution of the action.

LeBlanc properly filed his suit with the government. The government ultimately chose not to intervene, but filed a reservation of the right to collect if LeBlanc should prevail. Below, LeBlanc moved to strike the government's reservation. The district court dismissed the motion, holding that it was premature in that it did not present a live case or controversy. With this we agree. Since the government has not officially objected to LeBlanc's recovery of proceeds from the proposed *qui tam* suit, the challenged conduct is only threatened, not actual. We will not decide an issue that is merely conjectural or hypothetical. *Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S.Ct. 1660, 1664–65, 75 L.Ed.2d 675 (1982). However, the district court went on to hold that *qui tam* actions by government employees are excluded by the False Claims Act. Here, we disagree. Although we do agree that Roland LeBlanc's action is excluded, as discussed below, not all *qui tam* actions brought by government employees are excluded by the False Claims Act.

## II. DISCUSSION

From 1943 to 1986, government employees were effectively prohibited from bringing *qui tam* actions by the False Claims Act.[1] In 1986, Congress amended the statute to "encourage more private enforcement suits." S.Rep. No. 99–345, 99th Cong., 2d Sess. 23–24, *reprinted in* 1986 U.S.Code Cong. & Admin.News 5266, 5288–89. This case turns on the meaning of the 1986 amendments to the *qui tam*[2] provisions of the False Claims Act. Basically, Congress broadened the universe of potential plaintiffs, with only four exclusions. At issue here is whether or not government employees fall under one of those exclusions, § 3730(e)(4), and are still barred from bringing suits under the Act. The False Claims Act provides in relevant part:

**(e) Certain actions barred** ...

... (4)(A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office Report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C.A. § 3730(e)(4).

*Erickson, ex rel. United States v. American Institute of Bio. Sciences,* 716 F.Supp. 908 (E.D.Va.1989), the only case to discuss the issue of whether government employees can bring *qui tam* actions after the 1986 amendments, held that the language structure, legislative history and purpose of the 1986 amendments reveal a legislative intent to permit such actions. The *Erickson* court reasoned that since § 3730(b) states that any "person may bring a civil action," and because nowhere in the statute are there restrictions on the term "persons," Congress intended that "Government employees are included in the general universe of permissible *qui tam* plaintiffs unless, in the particular circumstances, they fall into one of the four specifically excluded groups." *Id.* at 913. *Erickson* went on to hold that government employees did not fall into the exclusion of § 3730(e)(4), which is also the exclusion at issue in this case.

The district court, while agreeing with *Erickson* that the False Claims Act was specifically amended to broaden the scope of permissible plaintiffs, concluded that government employees did indeed constitute an excluded group under § 3730(e)(4) and thus are barred from bringing *qui tam* actions. The district court found that because "government employees maintain a dual status—arms of the government while at work, private citizens while not at work—a 'public disclosure' necessarily occurs whenever a government employee uses government information he learned on the job to file a *qui tam* suit in his private capacity." Furthermore, the district court

---

**1.** Before its amendment in 1986, 31 U.S.C. § 3730 effectively prohibited both current and former government employees from bringing *qui tam* actions based on information acquired while a government employee. *United States ex rel. McCans v. Armour & Co.,* 146 F.Supp. 546 (D.D.C.1956) (per curiam), *aff'd,* 254 F.2d 90, *cert. denied,* 358 U.S. 834, 79 S.Ct. 57, 3 L.Ed.2d 71 (1958). The pre–1986 version of 31 U.S.C. § 3730(d) had provided that courts had no jurisdiction over *qui tam* actions "based on evidence or information the Government had when the action was brought."

**2.** "Qui tam" comes from the Latin phrase "who brings the action for the king as well as himself." *See Erickson v. American Institute of Bio. Sciences,* 716 F.Supp. 908, 909 n. 1 (E.D.Va. 1989) (citing W. Blackstone, *Commentaries on the Law of England,* 160 (1768)). By statute a *qui tam* action allows an informer to become a "private attorney general" with a portion of the recovery going to the informer and the remainder to the state.

went on to conclude that all government employees are barred under the original source exception of § 3730(e)(4) as well.

The district court need not have gone so far. For this reason we take this opportunity to clarify and limit the district court's holding and analysis.

### A. PUBLIC DISCLOSURE

 The district court's analysis of the "public disclosure" provision effectively erases a large portion of § 3730(3)(e)(4). We disagree with the district court's analysis for three reasons. First, the logical reading is that the subsection serves to prohibit courts from hearing *qui tam* actions based on information made available to the public during the course of a government hearing, investigation or audit or from the news media. It bars government employees, as well as private citizens, from bringing *qui tam* actions only if the information forming the basis of the action was acquired in the circumstances described in 31 U.S.C. § 3730(e)(4)(A). It does not prevent government employees from bringing *qui tam* actions based on information acquired during the course of their employment but not as the result of a government hearing, investigation or audit or through the news media.

Second, the district court's analysis of the subsection requires the assumption that government employees lead schizophrenic lives and can publicly disclose information to themselves. Even were this hypothesis physically reasonable, it totally ignores the limiting language in § 3730(e)(4)(A) which follows the term "public disclosure." That language bars jurisdiction over actions "based upon the public disclosure of allegations or transactions in a criminal, civil or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media . . ." It does not deny jurisdiction over actions based on disclosures other than those specified, contrary to what the district court seemed to maintain.

Last, the district court further assumes that the filing of a *qui tam* action is itself a "public disclosure." This cannot be. Such an action is filed under seal without service on anyone other than the United States and remains non-public until the district court enters an order lifting the seal. To hold otherwise would be to render each and every filing a "public disclosure," thus barring all *qui tam* actions.

### B. ORIGINAL SOURCE

 The district court held that a government employee in the same position as LeBlanc cannot qualify for the "original source" exception to § 3730(e)(4)'s jurisdictional bar. We agree. It was LeBlanc's responsibility, a condition of his employment, to uncover fraud. The fruits of his effort belong to his employer—the government. Thus, LeBlanc was not someone with "independent knowledge of the information" as required by the statute. This conclusion, however, does not mean that there is no government employee who could qualify to bring a *qui tam* action under the original source exception. We decline to draft a litigation manual full of scenarios that would fall under the exception. Suffice it to say that we limit our holding to the facts.

*Affirmed* in result.