**UNITED STATES of America ex rel. Carolyn McDOWELL, Plaintiff,**

v.

**McDONNELL DOUGLAS CORPORATION, Defendant.**

**Civ. A. No. 90–116–2–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Jan. 18, 1991.

J. Hatcher Graham, Clarke, Moore, Daly & Graham, Warner Robins, Ga., for plaintiff.

Michael F. Hertz, Polly A. Dammann, Michael B. Suessmann, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., Frank L. Butler, III, Asst. U.S. Atty., Macon, Ga., for defendant.

### ORDER

OWENS, Chief Judge.

 Carolyn McDowell ("plaintiff") filed the present *qui tam* complaint on April 23, 1990 under provisions of the False Claims Act, 31 U.S.C. §§ 3729–3733 (West Supp.1989) ("the Act").[1] The case is before

---

**1.** *"Qui tam"* comes from the Latin phrase mean-

ing who brings the action for the king as well as

the court for consideration of "The United States' Suggestion That the Case Be Dismissed for Lack of Subject Matter Jurisdiction." After careful consideration of the memoranda submitted by counsel and the record as a whole, in light of the law in this narrow area, the court issues the following decision.

The United States' suggestion that the case be dismissed is based principally upon the following language in the Act:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an *original source* of the information.

31 U.S.C. § 3730(e)(4)(A) (emphasis added). The United States argues that as plaintiff does not qualify as an "original source" under the Act, this court does not have subject matter jurisdiction to consider the present case.

■ The United States argues that under the Act government employees are precluded from bringing *qui tam* actions based upon information acquired in the course of employment with the government. Government employees, the United States argues, "can *never* qualify as 'original sources' for the purposes of the Act." (emphasis added). Counsel for the United States cites, in support of this broad proposition of law, *United States ex rel. LeBlanc v. Raytheon Co.,* 729 F.Supp. 170 (D.Mass.1990). Indeed, this was the proposition set forward by the district court in *LeBlanc,* one of the few recent decisions directly addressing the issue of whether a government employee may qualify as an "original source" under the Act. *See also Erickson,* 716 F.Supp. at 911–12 (dicta: congress did not intend to prohibit suits by government employees based upon infor-

mation obtained during the course of their employment). However, what counsel for United States was unable to account for in it's memorandum, filed in July of 1990, was the disposition of *LeBlanc* on appeal. *United States ex rel. LeBlanc v. Raytheon Co.,* 913 F.2d 17 (1st Cir. Sept. 1990) ("*LeBlanc II*").

While the First Circuit in *LeBlanc II* did not embrace the expansive reading of congressional intent espoused by the district court in *Erickson,* neither did the court find persuasive the *LeBlanc* district court's reading of 31 U.S.C. § 3730(e)(4)(A). *LeBlanc II,* in direct contradiction to the type of arguments presented by the United States in the case *sub judice,* establishes that the Act does not prevent government employees from bringing *qui tam* actions "based on information acquired during the course of their employment but not as a result of a government hearing, investigation or audit or through the news media." *LeBlanc II,* 913 F.2d at 20. In essence, the *LeBlanc II* court conceived of factual situations when a government employee could be a person with independent knowledge or an "original source" under the Act. *Id.*

Interestingly, the *LeBlanc II* court agreed that the case before them did not present that imagined situation which would fall under federal subject matter jurisdiction. *See Id.* ("We decline to draft a litigation manual full of scenarios that would fall under the exception. Suffice it to say that we limit our holding to the facts"). The court based its holding upon the fact that one of the plaintiff's specific job duties was to uncover fraud. *Id.* Ironically, consistent with the policy which the *LeBlanc* and *Erickson* district courts sought to effectuate, the *LeBlanc II* court posited that the fruits of the efforts of one whose government job description included investigation of fraud, including information uncovered in pursuit of those duties, belong solely to his or her employer—the government. The *LeBlanc II* plaintiff was,

himself. *See Erickson ex rel. United States v. American Institute of Biological Sciences,* 716 F.Supp. 908, 909, n. 1 (E.D.Va.1989) citing W. Blackstone, *Commentaries on the Law of Eng-*

*land* 160 (1768). Pursuant to the statute, plaintiff, as an informer or "relator," brings suit and stands to receive a portion of any recovery; the remainder goes to the government.

therefore, not an "original source" under the Act. *Id.*

This court, though not bound by the *LeBlanc II* decision, is persuaded that under certain circumstances a government employee's *qui tam* action, based upon information obtained during the course of her employment, may indeed fall within the subject matter jurisdiction of the court. Such a plaintiff may constitute an "original source" under the Act.

Despite additional arguments by counsel for the United States that plaintiff in the case *sub judice* obtained the information upon which this action rests not only during the course of her employment but in fulfillment of her job duties, this court for purposes of the motion to dismiss must consider the allegations of the complaint as true. Fed.R.Civ.P. 12(b)(1); *Franklin v. Gwinnett County Pub. Schools,* 911 F.2d 617, 619 (11th Cir.1990). The relevant complaint allegations do not appear to support the arguments of the United States in this area. The court notes that in ¶ 5 of the complaint allusions are made to plaintiff's attempted negotiation of a contract for F–15 step assembly spare parts. In order to proceed, a "DCAA Audit Report" was supposed to be compiled and submitted, apparently by a someone other than plaintiff. It would appear that investigation of improper billings or fraud might more appropriately be the product of such an audit report. The complaint and the attached documents suggest that plaintiff's actions, seeking to insure that proper billing procedures would be followed, were self-motivated.

It is unclear, upon the present facts and allegations, whether plaintiff's actions in this pursuit were part of her job description or the product of her independent efforts to insure that the proper procedures were followed. The resolution of this remaining question has not as yet been fully addressed by the parties. Such a resolution, under this court's reading of the jurisdictional requirements of the Act, is necessary before the court could definitively rule upon any motion suggesting that this court lacks subject matter jurisdiction in the present dispute.

Accordingly, the court declines the United States' invitation to dismiss plaintiff's case for want of subject matter jurisdiction. The United States motion is hereby DENIED.

SO ORDERED.