UNITED STATES of America ex rel.
Lawanda GIVLER

v.

Gary SMITH, Buckl–Jankowski, Inc.
and Gordon Bennett, Inc.

Civ. A. No. 89–0647.

United States District Court,
E.D. Pennsylvania.

April 9, 1991.

Richard P. Kovacs, Nazareth, Pa., for plaintiff/relator.

John J. Miravich, Reading, Pa., for defendant.

OPINION

CAHN, District Judge.

In this *qui tam*[1] action, LaWanda Givler ("Givler" or "the relator") is suing on behalf of the United States of America ("United States" or "Government") to recover statutory penalties for fraud in the award of contracts. On May 9, 1990 defendant Buckl and Jankowski ("B and J")[2] filed a motion to dismiss. B and J provided four separate grounds for its motion. Subsequently, this court limited briefing to the question of subject matter jurisdiction. For the following reasons, I shall deny the motion to dismiss for lack of jurisdiction. I shall establish a briefing schedule for the remaining issues raised by B and J in its original motion.

I. BACKGROUND

On January 27, 1989 Givler initiated this lawsuit pursuant to the False Claims Act ("FCA" or "the Act"), 31 U.S.C. § 3729 *et seq.*[3] The FCA provides that private par-

---

**1.** *Qui tam* actions are "actions brought on behalf of the government by a private party, who receives some part of the recovery awarded as compensation for his efforts." *Marra v. Burgdorf Realtors, Inc.*, 726 F.Supp. 1000, 1012 (E.D. Pa.1989). The phrase is taken from the Latin expression "qui tam pro domino rege, quam pro se ipso in hac parte sequitur" ("Who as well for the King as for himself sues in this matter."). 3 W. Blackstone, *Commentaries* *162 & n. 41 (W. Lewis ed. 1898). *Qui tam* plaintiffs may be called "relators" or "informers." *See United*

*States ex rel. Stinson, Lyons, Gerlin & Bustamante v. Prudential Ins. Co.*, 736 F.Supp. 614, 614 n. 1 (D.N.J.1990) (*"Stinson"*).

**2.** The defendant maintains that the caption incorrectly identifies it as Buckl–Jankowski, Inc., and that the defendant's correct name is Buckl and Jankowski.

**3.** *Qui tam* actions do not exist at common law and can only be maintained under statutory authority. *United States ex rel. Marcus v. Hess,*

ties "may bring a civil action for a violation of section 3729 for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). Section 3729 imposes liability for civil penalties and damages on persons who submit false claims to the United States.

Givler, a former commissioner on the Board of the Easton Housing Authority ("EHA" or "Authority"), alleges that the defendants colluded to inflate contractual bids for repairs and improvements to the Delaware Terrace Housing Project ("Delaware Terrace"). The defendants submitted their bids to EHA. The Authority then used those bids to formulate an application to the Department of Housing and Urban Development ("HUD") for funds to finance the renovation of Delaware Terrace. HUD approved the application and released $469,000.00 to EHA. Givler asserts that the defendants' contractual bids constituted false claims for purposes of the FCA.

As required by the Act, Givler served the complaint, which was filed *in camera,* on the Government rather than the defendants. *See* 31 U.S.C. § 3730(b)(2). On December 15, 1989 the United States filed its declination of appearance pursuant to 31 U.S.C. § 3730(b)(4)(B). The relator now proceeds on her own, as authorized by the Act, to recover the damages and civil penalties. *See* 31 U.S.C. § 3730(c)(3).

## II. STANDARD OF REVIEW

B and J does not dispute the facts set forth in the complaint, but rather asserts that the facts as pleaded do not support this court's jurisdiction.[4] Because B and J's motion to dismiss is a facial attack, rather than a factual one, this court must afford the plaintiff the safeguards used when a defendant has moved to dismiss under Fed.R.Civ.P. 12(b)(6). *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977); *Stinson,* 736 F.Supp. at 616.

Thus, in determining the jurisdictional question, this court must accept as true "all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989). The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether the facts as alleged establish this court's subject matter jurisdiction. *See* 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 12.07[2.–1].

## III. DISCUSSION

### A. *Contentions of the Defendant*

The defendant asserts that Givler's claim must be dismissed because the following provision of the FCA deprives this court of jurisdiction:

**(e) Certain actions barred....**

(4)(A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office Report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. § 3730(e)(4).

According to B and J, this subsection bars Government employees from maintaining *qui tam* actions pursuant to the

317 U.S. 537, 541, 63 S.Ct. 379, 383, 87 L.Ed. 443 (1943); *see also Marra,* 726 F.Supp. at 1012–13 (collecting cases).

**4.** The defendant refers to evidence outside the pleadings only when attempting to establish that Givler was a Government employee. For the purposes of this motion, the court will assume that Givler, an unpaid commissioner on a local Housing Authority which administers federal funds, was a Government employee. Therefore, there is no factual dispute for resolution.

Act. Therefore, B and J asserts that Givler, a former Government employee, cannot maintain this lawsuit based on facts she learned during her employment.

## B. *Contentions of the Plaintiff*

Givler counters that although she learned of the basic information concerning the Delaware Terrace contracts at public meetings of the EHA Board while a commissioner, she uncovered the evidence of fraud in investigations conducted on her own time. Moreover, she continued her personal investigations after leaving her position on the EHA Board. The relator contacted HUD with the results of her investigation both before and after her tenure as a commissioner. The Government has chosen not to pursue the matter. Givler contends that nothing in the FCA precludes her pursuit of the claim on behalf of the United States.

## C. *Analysis of the Parties' Contentions*

■ The jurisdictional provision under consideration was part of the 1986 amendments to the Act. Because the resolution of the defendant's motion turns on the meaning of those amendments, I shall examine briefly the history of the FCA's jurisdictional provisions as they apply to Government employees.

In *United States ex rel. Marcus v. Hess,* 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943), the Court held that any person, even a Government employee who derived all her information from Governmental sources, could bring a *qui tam* action under the FCA. *Id.* at 546, 63 S.Ct. at 385. Congress, reacting almost immediately, amended the act to state: "The court shall have no jurisdiction whenever it shall be made to appear that such suit was based upon evidence or information in the possession of the United States, or any agency, officer, or employee thereof, at the time such suit was brought." 31 U.S.C. § 232(c) (1976). Thus, from 1943 to 1986, "government employees were effectively prohibited from bringing *qui tam* actions by the False Claims Act." *United States ex rel. Le-*

*Blanc v. Raytheon Co.,* 913 F.2d 17, 19 (1st Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1312, 113 L.Ed.2d 246 (1991) (*"LeBlanc"*); *see also United States ex rel. Hagood v. Sonoma Water Agency,* 929 F.2d 1416, —— (9th Cir.1991) (*"Hagood"*).

Congress passed the 1986 amendments to encourage more private enforcement suits under the Act. S.Rep. No. 99–345, 99th Cong., 2d Sess. 23–24, *reprinted in* 1986 U.S.Code Cong. & Admin.News 5266, 5288–89 (*cited in LeBlanc,* 913 F.2d at 19). Furthermore, the legislature worded the amendments to repeal the earlier prohibition on Government employee *qui tam* actions. Now, any "person" may bring a civil suit; nowhere does the Act exclude government employees from the definition of "persons." *Erickson ex rel. United States v. American Inst. of Biological Sciences,* 716 F.Supp. 908, 913 (E.D.Va.1989) (*"Erickson"*).

Section 3730(e)(4) enumerates four limited exceptions to federal subject matter jurisdiction. *See Hagood* at 1419 (jurisdictional exclusions in the 1986 amendments are "unusually precise"). It therefore appears that "Government employees are included in the general universe of *qui tam* plaintiffs unless, in the particular circumstances, they fall into one of the four specifically excluded groups." 716 F.Supp. at 913. Thus, the Act excludes Givler as a plaintiff only if she falls within the jurisdictional exceptions cited by B and J. She does not.

Givler learned of the contracts at EHA Board meetings, not "in a criminal, civil, or administrative hearing, in a congressional, administrative or General Accounting Office Report, hearing, audit, or investigation, or from the news media...." 31 U.S.C. § 3730(e)(4). Furthermore, she herself uncovered the evidence of fraud. The fact that Givler raised the allegations at Board meetings does not deprive this court of jurisdiction. Those meetings were not "criminal, civil, or administrative hearings."[5]

---

5. Even if the Board meetings were "hearings" within the meaning of the Act, Givler herself

■ Furthermore, contrary to the defendant's assertion, a "public disclosure" does not occur whenever a Government employee uses information she gathered in connection with her employment to file a *qui tam* suit in her private capacity. As the Court of Appeals for the Ninth Circuit has noted:

> The notion that we should subdivide [the relator] into his governmental self and his nongovernmental self is too metaphysical a contention for the interpretation of a plain congressional enactment. [The relator] does not base his suit on any public disclosure made to him or anyone else. He bases his suit on information; the information was not publicly disclosed.

*Hagood*, 929 F.2d at 1419; *see also LeBlanc*, 913 F.2d at 20. Adopting the reasoning in *Hagood* and *LeBlanc*, this court finds that the filing of this lawsuit did not constitute a "public disclosure" within the meaning of Section 3730(e)(4).

## IV. CONCLUSION

For the foregoing reasons, I shall deny the defendant's motion to dismiss.

---

made those allegations and, therefore, would qualify for the original source exception in the statute. The *LeBlanc* court noted that, under some circumstances, a government employee could constitute an original source as defined by the statute. 913 F.2d at 20; *see also United States of America ex rel. Carolyn McDowell v. McDonnell Douglas Corp.*, 755 F.Supp. 1038 (M.D.Ga.1991). Although the First Circuit Court of Appeals held that the relator in *LeBlanc* could not be an original source, that case is distin-

guishable. *LeBlanc*, a Quality Assurance Specialist, was a paid Government employee, and it was "his responsibility, a condition of his employment, to uncover fraud." 913 F.2d at 20. *Givler*, an unpaid member of a state agency that receives federal funds, could have ignored the corruption around her without sanction. She chose to conduct her investigations on her own time, and the Government did not pay her for her efforts.