Orvail SHERMAN, Plaintiff-Appellant,

v.

AMERICAN FEDERATION OF MUSI-
CIANS, an unincorporated associa-
tion, Defendant-Appellee.

No. 77–1066.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 11, 1978.

Decided Sept. 13, 1978.

Rehearing Denied Dec. 15, 1978.

Warren L. Gotcher, McAlester, Okl., for plaintiff-appellant.

Michael Wolf, Washington, D. C. (Henry Kaiser, Ronald Rosenberg, George Driesen, Washington, D. C., on the brief), for defendant-appellee.

Before DOYLE and LOGAN, Circuit Judges, and STANLEY, Senior District Judge.*

* Of the District of Kansas, sitting by designation.

**1314**

ARTHUR J. STANLEY, Jr., Senior District Judge.

This is an appeal from an order dismissing the complaint in an action brought by the plaintiff-appellant, a resident of Oklahoma, against the American Federation of Musicians (AFM). The trial court dismissed the complaint after an evidentiary hearing, having concluded that in personam jurisdiction over AFM was lacking and that venue did not properly lie in the Western District of Oklahoma under either the Labor Management Relations Act, 29 U.S.C. § 185(c), or under the Clayton Act, 15 U.S.C. § 15, both of which were invoked by the plaintiff. The plaintiff then dismissed the action as to the co-defendants, Musicians Protective Union No. 367 AFM and Oklahoma City Federation of Musicians No. 375.

The complaint sets forth two claims for damages, one for violation of the secondary boycott provisions of the Labor Management Relations Act, 29 U.S.C. § 187, and one alleging an illegal conspiracy among the defendants and theatrical booking agents to restrain trade. The plaintiff alleges that he had owned and operated a nightclub in California and that as the result of a dispute with musician-members of AFM the defendant had "blacklisted" him by publishing his name in a "defaulters' list" appearing in an AFM periodical disseminated to all of its members, including those residing in or working in the Western District of Oklahoma; that because of the inclusion of his name on the defaulters' list no union musicians would perform at a nightclub he had intended to open in Oklahoma and no booking agent (non-members of but licensed by AFM) would book musicians or musical groups into an establishment owned or operated by him. The effect of such actions, described as a secondary boycott and as in restraint of trade, are alleged by the plaintiff to have made it impossible for him to operate a nightclub in Oklahoma and forced him out of business thereby causing him to suffer great financial loss.

█ AFM moved to dismiss the complaint for lack of in personam jurisdiction and improper venue. There being no statutory direction for procedure upon the issue of jurisdiction, the mode of its determination is left to the trial court. *Gibbs v. Buck,* 307 U.S. 66, 71, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); *Schramm v. Oakes,* 352 F.2d 143 (10th Cir. 1965); *Data Disc, Inc. v. Systems Tech. Assoc. Inc.,* 557 F.2d 1280 (9th Cir. 1977). Judge Daugherty, unable to decide the issues on the affidavits submitted, ordered an evidentiary hearing to develop fully the issues of jurisdiction over the person of AFM and of venue. In so doing he exercised his discretion wisely, for, as the Second Circuit has said,

Not only does logic compel initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim—but the functional difference that flows from the ground selected for dismissal likewise compels considering jurisdiction and venue questions first. A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice. [*Arrowsmith v. United Press International,* 320 F.2d 219, 221.]

After the hearing, at which the trial court sat as the trier of the factual issues necessary to determination of the issues of jurisdiction and venue, a memorandum of decision including findings of fact and conclusions of law, was filed. The trial court found, *inter alia,* that AFM did not maintain its principal office in the Western District of Oklahoma; that no officer or agent of AFM had represented or acted for its employee members in the district [29 U.S.C. § 185(c)]; that the only agent of AFM who had come to the district was one who visited annually and then engaged only in auditing the books of the local union for the benefit of AFM; that AFM did not reside in, had no office in, was not found in, and did not have an agent in the district [15 U.S.C. § 15]. The findings are amply supported by the evidence and clearly are not erroneous.

We may not disturb them. Rule 52(a), Fed. R.Civ.P., *Butler v. Hamilton,* 542 F.2d 835 (10th Cir. 1976).

The court concluded that the agent who visited Oklahoma once a year was not then representing or acting for employee members of AFM but for AFM itself; that the mailing of a monthly publication from AFM headquarters in New York into Oklahoma did not constitute AFM being found in Oklahoma; that AFM in publishing the list of defaulters enunciated policy and acted responsively rather than affirmatively; that the requirements of neither 29 U.S.C. § 185(c) nor of 15 U.S.C. § 15 were met by any of the activities of AFM conducted within the district; and that the court lacked in personam jurisdiction over AFM and that venue was improper.

■ At the outset we must consider, on our own motion, whether the order dismissing the complaint is an appealable order. AFM's motion was for dismissal of the complaint under Rule 12(b)(2) and (3), Fed.R. Civ.P. The order from which the appeal is taken did not expressly dismiss the action and ordinarily would not be a final and appealable decision within the meaning of 28 U.S.C. § 1291. *Midwestern Developments, Inc. v. City of Tulsa, Oklahoma,* 319 F.2d 53 (10th Cir.), *rehearing denied,* 333 F.2d 1009, *cert. denied,* 379 U.S. 989, 85 S.Ct. 702, 13 L.Ed.2d 610 (1964). The Supreme Court has said that the requirement of finality imposed by section 1291 is to be given a "practical rather than a technical construction". *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528; *Gillespie v. U. S. Steel Corp.,* 379 U.S. 143, 152, 85 S.Ct. 308, 13 L.Ed.2d 199. The Ninth Circuit has held that under special circumstances a court of appeals may regard as final and appealable an order which dismisses the complaint but not the action and that such "special circumstances"

. . . must be such as to make it clear that the court determined that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make, thereby entitling plaintiff to assume that he had no choice but to stand on his complaint. *Marshall v. Sawyer,* 301 F.2d 639 (9th Cir. 1962).

Here, following a full evidentiary hearing, the court announced orally that the AFM's motion would be sustained for lack of personal jurisdiction and venue. No amendment or supplementation of pleadings was sought and both parties have treated the order throughout the appellate proceedings as final and appealable. It is clear that the trial court determined that the action could not be saved by an amendment of the complaint which the plaintiff could reasonably be expected to make and that the plaintiff assumed, with reason, that he had no choice but to stand on his complaint and the evidence adduced at the hearing. The special circumstances permit us under the teaching of *Cohen* and *Gillespie, supra,* to regard the order of dismissal as final and appealable. *Korgich v. Regents of the New Mexico School of Mines,* 582 F.2d 549 (10th Cir. 1978).

■ The appellant contends that AFM was actively engaged in representing its members within the district by publishing the defaulters' list and disseminating it within the district. The trial court held that this contention runs contrary to the rationale of *International Union of Op. Eng. v. Metropolitan-Gill-Tecon,* 400 F.2d 261 (10th Cir. 1968), and *Barefoot v. International Bro. of Teamsters, C., W. & H.,* 424 F.2d 1001 (10th Cir.), *cert. denied,* 400 U.S. 950, 91 S.Ct. 239, 27 L.Ed.2d 257 (1970). We agree.

In *Metropolitan* and *Barefoot* we held that venue-jurisdiction under 29 U.S.C. § 185(c) depends on what a labor organization is actually doing through its authorized representatives in the district rather than on how their responsibilities and functions may be internally defined. In *Barefoot* we said that the pragmatic analysis contemplated in *Metropolitan* presupposes physical presence of a bona fide representative of the national labor organization within the district and that when the national organization's role is responsive rather than af-

firmative, and is conducted outside the district, its liability to suit in that district is not contemplated by section 185(c). Although enunciations of policy, advice and instructions to local affiliates may, when implemented, have an effect on local labor disputes, the effect cannot be equated with the criteria established by section 185(c). The appellant argues that the instant case is factually distinguishable from *Barefoot* because the activities of the national teamsters organization in *Barefoot* involved only "unofficial" advice. The *Barefoot* decision did not turn on whether the nature of the national union's participation was "official" or "unofficial" but rather on the role actually played by the national union within the district, i. e., responsive rather than affirmative.

The federal courts have only such jurisdiction as is vested in them by Congress. It is undisputed that Congress may prescribe limits within which the judicial power may be exercised. *Lockerty v. Phillips,* 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943). The jurisdiction granted by 29 U.S.C. § 185(c) extends only to a labor organization in the district in which such organization maintains its principal office or in which its duly authorized officers or agents are engaged in representing or acting for employee members. Any person seeking to recover under the anti-trust laws (15 U.S.C. § 15) may sue therefore only in the district in which the defendant resides or is found or has an agent.

The trial court's findings of fact were supported by the evidence and most certainly are not erroneous. We agree with the trial court's conclusions of law as announced orally at the conclusion of the evidentiary hearing and as incorporated in the memorandum of decision. AFFIRMED.