**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JARROD GOFF,

      Plaintiff-Appellant,

v.

HACKETT STONE COMPANY;
EUGENE IBISON, SR., Individually
and as Owner of Hackett Stone
Company,

      Defendants-Appellees.

No. 98-7137
(D.C. No. 98-CV-85-P)
(E.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Jarrod Goff brought this diversity action against his former employer, Hackett Stone Company, and its owner, Eugene Ibison, Sr., for wrongful termination.  After the parties agreed to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), defendants moved to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim on which relief can be granted, *see* Fed. R. Civ. P. 12(b)(2), (3), (6).  Because the parties submitted materials outside the pleadings, the district court converted the motion to dismiss to one for summary judgment, and granted judgment in defendants' favor on personal jurisdiction and venue grounds.  Plaintiff appeals.  We conclude that the district court correctly determined that venue was improper, and that the case was not appropriately brought in that court; we therefore need not address the personal jurisdiction question. [1]

Because subject matter jurisdiction over plaintiff's action is founded solely on diversity, 28 U.S.C. § 1391(a) governs venue in this case.  Plaintiff asserts that venue could lie in the Eastern District of Oklahoma only under subsection (2) of that statute, which requires that "a substantial part of the events or omissions

---

[1]     The only other appropriate federal venue is in Arkansas, not one of the other Oklahoma districts.

-2-

giving rise to the claim occurred" in that district. The underlying basis for his wrongful termination claim is that defendants terminated him because he was subject to an income assignment executed for enforcement of child support, which he contends was an improper reason. The order for child support was issued by the county court of LeFlore County, Oklahoma, which is in the Eastern District. Plaintiff bases his claim of venue in the Eastern District on the issuance of this order.

There are no facts in dispute, and we therefore review the district court's venue decision de novo. *See Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998); *Hooker v. United States Dep't of Health & Human Servs.*, 858 F.2d 525, 528 n.2 (9th Cir.1988). All aspects of plaintiff's employment, including his discharge, occurred in Arkansas, as he admits. The issuance of the order from an Oklahoma court that allegedly led to the discharge is simply too tangential to be considered a substantial part of the events giving rise to the claim. Moreover, venue statutes are generally designed for the benefit of defendants, and in determining what events or omissions give rise to a claim, the "focus [is] on relevant activities of the defendant, not of the plaintiff." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). Issuance of the court order cannot be considered an activity of defendants; if anything, it would be considered an activity of plaintiff, since it apparently resulted from his

nonpayment of child support. We thus agree with the district court that venue was not proper in the Eastern District of Oklahoma.

We do, however, disagree with the district court's disposition of this case. It converted defendants' entire motion to dismiss to one for summary judgment because materials were submitted outside the pleadings. That is appropriate for a motion to dismiss for failure to state a claim under Rule 12(b)(6), *see* Rule 12(b) ("If, on a motion asserting the defense numbered (6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."), but it is not appropriate for motions to dismiss for lack of personal jurisdiction or improper venue under Rules 12(b)(2) and (3). Dismissals for these reasons should be without prejudice. *See* Rule 41(b). In contrast, dismissals under Rule 12(b)(6) or entries of summary judgment are with prejudice and may preclude any subsequent action in another district. *See Sherman v. American Fed'n of Musicians*, 588 F.2d 1313, 1314 (10th Cir. 1978); *EF Operating Corp. v. American Bldgs.*, 993 F.2d 1046, 1048-49 (3d Cir. 1993); *see also* 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure*, § 2713 ("In general, courts have ruled that summary judgment is an inappropriate vehicle for raising a question concerning the courts['] subject-matter jurisdiction, personal jurisdiction or venue . . . ."). The court therefore should have dismissed this case, whether for lack of personal

jurisdiction or improper venue, without prejudice rather than granting summary judgment to defendants.

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED to the district court for entry of an order dismissing the case without prejudice.

Entered for the Court


Monroe G. McKay
Circuit Judge