**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

KENT FRENCH,

    Plaintiff - Appellant,

GRADY, LEE, SHOCKLEY, ROY,
VIGIL, CRAWFORD, HURD, PUNK,
KNOOR, BASS, POPKEN, BROWNE,
SMITH, BAUTON, McWILLIAMS,
WILLIAMS, JIM SHONKOSKI, BURNS,
DANIELS, and KING,

    Plaintiffs,

      v.

STATE OF COLORADO, S.C.F.,
MEDICAL STAFF, GUARD STAFF,
A.D.A. COLORADO SPRINGS,
D.O.C.C., GOV. BILL RITTER; STATE
ATTY. GENERAL JOHN SUTHERS,

    Defendants - Appellees.

No. 09-1356

(D. Colorado)

(D.C. No. 09-cv-00977-ZLW)

--------------------------------------------

KENT FRENCH,

    Plaintiff - Appellant,

v.

NURSE PASHA and CAPTAIN GIBSON,

    Defendants - Appellees.

09-1359

(D. Colorado)

(D.C. No. 09-cv-01280-ZLW)

--------------------------------------------

KENT FRENCH,

    Petitioner - Appellant,

No. 09-1452

v.

WARDEN, STERLING CORR.
FACILITY, and ATTORNEY GENERAL
OF THE STATE OF COLORADO,

Respondents - Appellees.

(D. Colorado)

(D.C. No. 09-cv-01382-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **SEYMOUR**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

We have combined these three appeals for ease of disposition. In Case No. 09-1356, Kent French, appearing *pro se*, argues that the staff at the Sterling Correctional Facility has failed to dispense his medications and medical appliances in a timely way and that the temperature in the facility is too cold in the winter and too hot in the summer, all in violation of his rights under 42 U.S.C.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1983. In Case No. 09-1359, Mr. French argues that certain staff at the facility harassed and threatened him, causing him to "suffer unduly because of my age (62)[1] years and A.D.A. Native American," Appellant's Op. Br. at 2, and that he received numerous "frivolous" write-ups, again in violation of his rights under section 1983. In Case No. 09-1452, Mr. French argues that his Colorado state court check fraud conviction is unconstitutional for various reasons, in violation of 28 U.S.C. § 2254. None of the defendants were served in any of these cases, and as a result we do not have briefs from the defendants. We address each case in turn.

### I. Case No. 09-1356:

As indicated, Mr. French argues that his medical needs were not met in a timely fashion, and that the temperature inside the facility was uneven and uncomfortable. The district court dismissed the case without prejudice after Mr. French failed to submit a proper *in forma pauperis* application under 28 U.S.C. § 1915. The court also entered an order denying Mr. French leave to proceed on appeal *ifp*. This appeal followed.[2]

---

[1]Mr. French's handwritten pleadings are very difficult to read. It appears that he stated his age to be 62, but we cannot be certain.

[2]We note that while the denial of leave to proceed *ifp* is a final, appealable order over which we have jurisdiction, Roberts v. U.S. Dist. Ct., 339 U.S. 844, 845 (1950) (per curiam), the dismissal of a complaint without prejudice is generally not final or appealable. Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1275 (10th Cir. 2001). "The critical determination as to whether an order is

(continued...)

After the district court denied Mr. French leave to proceed on appeal *ifp*, based upon the conclusion that an appeal could not be taken in good faith, this court required him to submit a renewed application in our court. He did so on September 29, 2009. Accordingly, we must decide whether to grant that application. Under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), we "shall dismiss the case . . . if [we] determine[] that . . . the . . . appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." Id.. Mr. French's brief contains no legal citations, and only vague, conclusory and extremely general allegations of mistreatment. Although, because Mr. French proceeds *pro se*, "we must construe his arguments liberally[,] this rule of liberal construction stops . . . at the point at which we begin to serve as his advocate." United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009). Additionally, "an appellant's *pro*

---

[2](...continued)
final is whether the plaintiff has been effectively excluded from federal court under the present circumstances." Id. (quotations and alteration omitted). The ultimate question is whether "the district court effectively 'determined that the action would not be saved by an amendment of the complaint which the plaintiff could reasonably be expected to make.'" Moya v. Schollenbarger, 465 F.3d 444, 450 (10th Cir. 2006) (quoting Sherman v. Am. Fed'n of Musicians, 588 F.2d 1313, 1315 (10th Cir. 1978)).

While the district court stated that the dismissal was "without prejudice," the court also stated it was dismissing "the Complaint and the action." Order at 2. We have noted that "[i]n evaluating finality, . . . we look to the *substance* and *objective intent* of the district court's order, not just its terminology." Id. at 449. "A dismissal of the complaint is ordinarily a non-final, nonappealable order . . . , while a dismissal of the entire action is ordinarily final." Id. (further quotation omitted). The district court in this case explicitly dismissed the entire "action." Thus, the dismissal is a final decision that we may review.

*se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

We accordingly hold that Mr. French's appeal is frivolous and it fails to state a claim on which relief may be granted. We therefore affirm the district court's order of dismissal, deny his request to proceed on appeal *ifp*, and we dismiss this appeal.

**II. Case No. 09-1359:**

As noted above, Mr. French argues that certain staff at the facility harassed and threatened him, causing him to suffer because of his age and because of his Native American status. The district court dismissed this claim as "legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)."

The district court also denied Mr. French's request to proceed on appeal *ifp*, for failure to cure the deficiencies in his petition. Our court then required Mr. French to submit a renewed application in this court. As with his prior appeal, Mr. French fails to cite a single legal authority or develop any coherent legal argument.[3] We conclude that Mr. French's appeal is frivolous and fails to state a claim on which relief may be granted, pursuant to 28 U.S.C.

---

[3]For example, in the sections of the form brief where Mr. French is directed to state his "Argument and Authorities," he states that he "will disclose at pre-trial conference." Appellant's Op. Br. at 3.

-5-

§ 1915(e)(2)(B)(i) and (ii).  As a result, we affirm the district court's dismissal, deny Mr. French's request to proceed on appeal *ifp*, and we dismiss this appeal. We also assess two strikes against Mr. French under 28 U.S.C. § 1915(g).  See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.")


**III. Case No. 09-1452:**

This 28 U.S.C. § 2254 habeas case challenges the constitutionality of Mr. French's Colorado state court check fraud conviction.  The district court stated that Mr. French actually filed four habeas actions, which the court consolidated.  The district court then held that all the claims were time-barred and were not eligible for tolling of any kind, and it accordingly dismissed Mr. French's complaint.

The district court subsequently issued an order denying Mr. French a certificate of appealability ("COA").  The court also denied leave to proceed on appeal *ifp* based on its assessment that an appeal could not be taken in good faith. This appeal followed.  Following the district court's denial of Mr. French's request to proceed on appeal *ifp*, we required him to file a renewed application here, which he has done.  Additionally, because the district court denied him a

COA, he must seek one from us before he may pursue his appeal.  See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000).

A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. 2253(c)(2).  To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).  As with his pleadings in his other cases, Mr. French's brief cites no legal authorities and utterly fails to develop any coherent legal arguments.  Accordingly, we deny him a COA, and, for substantially the same reasons, we deny his request to proceed on appeal *ifp*, and we dismiss his appeal.

## CONCLUSION

For the foregoing reasons, and as discussed more particularly with regard to each numbered appeal, we AFFIRM the district court's orders of dismissal, we DENY Mr. French leave to proceed on appeal *ifp*, and we DISMISS each of Mr. French's appeals.  Mr. French remains obligated to pay all filing fees due.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-7-