FILED
United States Court of Appeals
Tenth Circuit

November 16, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NORBERTO PEREZ AROCHO,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
HARLEY G. LAPPIN, Former Federal
Bureau of Prison Director,

      Defendants-Appellees.

No. 12-1328
(D.C. No. 1:12-CV-01579-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Plaintiff-Appellant Norberto Perez Arocho, a federal prisoner appearing pro se, appeals dismissal of his complaint asserting a claim for damages pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violation of his constitutional rights. The district court dismissed without prejudice Arocho's claim for failure to comply with an order to pay an initial filing fee of $1.00 or show cause why he could not make such payment. We exercise jurisdiction under 28 U.S.C. § 1291.[1]

I.

On June 18, 2012, Arocho brought suit against the United States and Harley G. Lappin, the former Director of the Bureau of Prisons, alleging violations of his Eighth Amendment rights by denial of adequate medical care. R. at 6. Specifically, Arocho claims that on January 11, 2008, he was denied previously ordered treatment for Hepatitis C and that the failure to timely implement this treatment caused him permanent liver damage. Id. He claims the Director wrongly refused to approve the medication and treatment, which shortened his life

---

[1] Although a dismissal without prejudice may not always be a final, appealable order, we conclude that it is here because the district court dismissed Arocho's action. See R. at 24; Moya v. Schollenbarger, 465 F.3d 444, 448-50 (10th Cir. 2006) (concluding that "the requirement of finality imposed by section 1291 is to be given a 'practical rather than a technical construction.'" (internal quotation marks omitted) (quoting Sherman v. Am. Fed'n of Musicians, 588 F.2d 1313, 1315 (10th Cir. 1978))).

expectancy.[2]  Id.

On July 9, 2012, the magistrate judge granted Arocho leave to proceed in forma pauperis (IFP), under 28 U.S.C. § 1915, and ordered Arocho to either pay an initial partial filing fee of $1.00 pursuant to § 1915(b)(1) or show cause why he was unable to do so within thirty days from the date of the order.  Id. at 21. The magistrate judge specifically ordered Arocho to submit a current certified copy of his inmate trust account statement and warned that failure to comply would result in dismissal of the action.  Id.  In response to this order, Arocho submitted two certified copies of his prison trust account statement:  the first, submitted on July 19, was a trust account statement dated June 13; and the second, submitted on July 23, was a trust statement dated June 29.  Both indicated that he had a balance of zero.  Id. at 21-22.  On August 14, the district court concluded that the submitted statements did "not demonstrate that Mr. Arocho currently lacks sufficient funds to pay the designated initial partial filing fee."  Id. at 22.  After finding that Arocho failed to pay the initial filing fee of $1.00 or show cause why he could not currently make such payment, the district court dismissed his action without prejudice pursuant to Rule 41 of the Federal Rules of

---

[2]  Arocho has previously filed an action alleging the same constitutional violation by Director Lappin; this court affirmed the district court's dismissal of that action for lack of personal jurisdiction.  See Arocho v. Lappin, 461 F. App'x 714, 719-20 (10th Cir. 2012) (remanding solely for district court to modify judgment to dismissal without prejudice).

Civil Procedure.  Id. at 23.

## II.

Pursuant to Rule 41(b), a district court may dismiss an action, sua sponte, if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (finding that despite the Rule's language, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders").  Generally, "'Rule 41(b) involuntary dismissals should be determined by reference to the Ehrenhaus criteria.'"[3]  Gripe v. City of Enid, Okla., 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994)).  When the dismissal is without prejudice, however, consideration of the Ehrenhaus factors is not required.  AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., 552 F.3d 1233, 1236 (10th Cir. 2009); Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice, 492 F.3d 1158, 1162 (10th Cir. 2007) ("[A] district court may, without abusing its discretion, enter [a Rule 41(b) dismissal without prejudice] . . . without attention to any particular procedures.").

---

[3]  The Ehrenhaus factors include:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (citations and quotation omitted).

4

We review for abuse of discretion a district court's Rule 41(b) dismissal for failure to comply with a court order. Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003). "An abuse of discretion occurs when a district court makes 'a clear error of judgment or exceed[s] the bounds of permissible choice in the circumstances.' This occurs when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact." Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1143 (10th Cir. 2007) (alteration in original) (citation omitted) (quoting McEwen v. City of Norman, Parks, 926 F.2d 1539, 1553-54 (10th Cir. 1991)). Because Arocho filed his complaint pro se, we construe his pleadings liberally. See Bear v. Patton, 451 F.3d 639, 641 (10th Cir. 2006).

## III.

Here, the district court concluded that Arocho's submissions of June trust account statements did not adequately respond to its order to either pay the $1.00 fee or show cause why he could not currently, as of July, pay the fee. The district court dismissed Arocho's action three weeks after he submitted two recent trust account statements, albeit from the previous month, reflecting a zero balance. There is no indication that Arocho had any warning that the submitted statements were insufficient in the eyes of the district court. While the district court may have concluded that these statements were insufficiently "current," it made no attempt to warn Arocho that he was noncompliant with the order during the three-

5

week span between submission and dismissal. For all Arocho knew, he had complied with the order.

Unlike the cases warranting dismissal under this Rule, Arocho attempted to comply with the order and was given only one chance by the district court to discern the order's meaning of "current." See Olsen, 333 F.3d at 1205 (reversing dismissal under this Rule when plaintiffs "demonstrated sincere efforts to comply with the court's orders"); cf. Cosby, 351 F.3d at 1331-32 (concluding that dismissal was warranted when the "[p]laintiff was not attempting to comply with the fee orders, and the district court gave Plaintiff ample opportunity to submit evidence of compliance"). Arocho's conduct neither interfered with the judicial process nor reflected defiance of court orders. See Ehrenhaus, 965 F.2d at 921. Arocho, as a pro se litigant, should not be penalized for failing to anticipate the court's undefined meaning of "current." In light of the above, the district court's dismissal exceeded the bounds of permissible choice in the circumstances. See Cosby, 351 F.3d at 1326 (citing the plaintiff's insolence in response to the "repeated directives of a patient district court"); Fed. R. Civ. P. 41(b) (warranting dismissal only when plaintiff fails to comply with court order).

Accordingly, we conclude that the district court abused its discretion by dismissing without prejudice Arocho's claim for failure to submit a "current" statement, which the district court construed as failure to comply with a court

6

order.[4]  Therefore, we REVERSE the district court's dismissal and remand for proceedings consistent with this order.[5]  Additionally, the district court denied Arocho's motion to proceed IFP on appeal for failing to assert a nonfrivolous, reasoned argument.  We disagree and GRANT Arocho's motion to proceed IFP, but remind him of his continuing obligation to make partial payments until the filing fee is paid in full.

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[4]  We express no view regarding the merits of plaintiff's action.

[5]  Ordinarily, we can affirm "challenged decisions of the district court on alternative grounds, so long as the record is sufficient to permit conclusions of law."  Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994).  However, "we may not affirm the imposition of a dismissal sanction based on an alternative legal rationale not relied on by the district court 'unless we can say as a matter of law that it would have been an abuse of discretion for the trial court to rule otherwise,'" which we do not find here.  Conkle v. Potter, 352 F.3d 1333, 1337 (10th Cir. 2003) (quoting Ashby v. McKenna, 331 F.3d 1148, 1151 (10th Cir. 2003)).