**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CYRUS HAZARI, & Private Attorney
General,

      Plaintiff - Appellant,

v.

US SUPREME COURT, et al., and Does
1-200,

      Defendant - Appellee.

No. 24-1107
(D.C. No. 1:23-CV-03168-RMR-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

Plaintiff, Cyrus Hazari, a pro se civil litigant, filed suit against the United

States Supreme Court and various members and affiliates of the judicial branch.  As

best we can tell, Plaintiff argues Defendants discriminate against persons with

disabilities, like Plaintiff, by requiring compliance with federal rules and procedures

when bringing a claim in federal court.  [R. at 77–82].  The district court dismissed

---

    [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
    [**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

Plaintiff's Complaint without prejudice, and Plaintiff appeals.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The district court determined Plaintiff's Complaint lacked "the necessary factual matter to substantiate its claims or establish jurisdiction." [R. at 102]. Accordingly, the district court issued an order asking Plaintiff to demonstrate "why the Complaint should not be dismissed without prejudice for lack of subject matter jurisdiction." [*Id.*].  The court warned, "[i]f Plaintiff fails to show cause within the time allowed, the action will be dismissed without further notice." [*Id.*]. Nevertheless, Plaintiff made no attempt to comply with the court's order, filing a "Motion for Stay of Litigation to Allow Remission and Recovery" instead. [R. at 103–04; 107].  Consequently, in light of Plaintiff's failure to respond to the Court's Order to Show Cause, the district court dismissed Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction. [R. at 107].

We review a Rule 41(b) dismissal for abuse of discretion and will only reverse "when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact." *Arocho v. United States*, 502 F. App'x 730, 731 (10th Cir. 2012) (quoting *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1143 (10th Cir.2007)).  Mindful that we construe a pro se litigant's complaint liberally, we have carefully reviewed Plaintiff's brief as well as the appellate record. *See id.* Plaintiff has not shown the district court abused its discretion and instead continues to challenge the application of federal rules and procedure on appeal.

2

Therefore, we affirm for substantially the same reasons set forth in the district court's order dated February 12, 2024.

Entered for the Court

Bobby R. Baldock
Circuit Judge