**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1920**

SKY CABLE, LLC; ROBERT SAYLOR,

> Plaintiffs,

and

MASSANUTTEN RESORT, LC; GREAT EASTERN RESORT CORPORATION; GREAT EASTERN RESORT MANAGEMENT, INCORPORATED; MICHAEL SHIFFLETT, a/k/a Mike Shifflett; KIMBERLI COLEY, a/k/a Kimberly Coly; MOUNTAINSIDE VILLAS OWNERS ASSOCIATION, INC.; WOODSTONE TIME-SHARE OWNERS ASSOCIATION; SHENANDOAH VILLAS OWNERS ASSOCIATION; SUMMIT AT MASSANUTTEN OWNERS ASSOCIATION; REGAL VISTAS AT MASSANUTTEN OWNERS ASSOCIATION; EAGLE TRACE OWNERS ASSOCIATION,

> Defendants,

and

RANDY COLEY, a/k/a Randolph Powhatan Cooley, a/k/a Randy Coly, d/b/a East Coast Sales, d/b/a East Coast Cable, d/b/a Resort Cable, d/b/a Its Thundertime, LLC, d/b/a East Coast Sales, LLC, d/b/a South Raleigh Air, LLC,

> Defendant - Appellant,

v.

DIRECTV, INC.,

> Defendant - Appellee.

SKY CABLE, LLC; ROBERT SAYLOR,

  Plaintiffs,

and

MASSANUTTEN RESORT, LC; GREAT EASTERN RESORT CORPORATION; GREAT EASTERN RESORT MANAGEMENT, INCORPORATED; MICHAEL SHIFFLETT, a/k/a Mike Shifflett; KIMBERLI COLEY, a/k/a Kimberly Coly; MOUNTAINSIDE VILLAS OWNERS ASSOCIATION, INC.; WOODSTONE TIME-SHARE OWNERS ASSOCIATION; SHENANDOAH VILLAS OWNERS ASSOCIATION; SUMMIT AT MASSANUTTEN OWNERS ASSOCIATION; REGAL VISTAS AT MASSANUTTEN OWNERS ASSOCIATION; EAGLE TRACE OWNERS ASSOCIATION,

  Defendants,

and

RANDY COLEY, a/k/a Randolph Powhatan Cooley, a/k/a Randy Coly, d/b/a East Coast Sales, d/b/a East Coast Cable, d/b/a Resort Cable, d/b/a Its Thundertime, LLC, d/b/a East Coast Sales, LLC, d/b/a South Raleigh Air, LLC,

  Defendant - Appellant,

v.


DIRECTV, INCORPORATED,

  Defendant - Appellee.

**No. 16-1946**

SKY CABLE, LLC; ROBERT SAYLOR,

        Plaintiffs,

and

RANDY COLEY, a/k/a Randolph Powhatan Cooley, a/k/a Randy Coly, d/b/a East Coast Sales, d/b/a East Coast Cable, d/b/a Resort Cable, d/b/a Its Thundertime, LLC, d/b/a East Coast Sales, LLC, d/b/a South Raleigh Air, LLC; MASSANUTTEN RESORT, LC; GREAT EASTERN RESORT CORPORATION; GREAT EASTERN RESORT MANAGEMENT, INCORPORATED; MICHAEL SHIFFLETT, a/k/a Mike Shifflett; KIMBERLI COLEY; MOUNTAINSIDE VILLAS OWNERS ASSOCIATION, INC.; WOODSTONE TIME-SHARE OWNERS ASSOCIATION; SHENANDOAH VILLAS OWNERS ASSOCIATION; SUMMIT AT MASSANUTTEN OWNERS ASSOCIATION; REGAL VISTAS AT MASSANUTTEN OWNERS ASSOCIATION; EAGLE TRACE OWNERS ASSOCIATION,

        Defendants,

and

ITS THUNDERTIME, LLC,

        Defendant - Appellant,

v.

DIRECTV, INCORPORATED,

        Defendant - Appellee.

Application for Attorneys' Fees arising from the United States District Court for the Western District of Virginia, at Harrisonburg. Michael F. Urbanski, Chief District Judge. (5:11−cv−00048−MFU)

Submitted: October 29, 2021                      Decided: January 10, 2022

Before GREGORY, Chief Judge, and WYNN and HARRIS, Circuit Judges.

Motion granted by published opinion. Judge Wynn wrote the opinion, in which Chief Judge Gregory and Judge Harris joined.

Robert W. Shaw, SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL, & JERNIGAN, L.L.P., Raleigh, North Carolina; Patrick T. Jordan, GORDON & REES, LLP, Seattle, Washington, for Appellant Randy Coley. John W. Bryant, J.W. BRYAN LAW FIRM PLLC, Raleigh, North Carolina, for Appellant Its Thundertime, LLC. James J. O'Keeffe, IV, JOHNSON, ROSEN & O'KEEFE, LLC, Roanoke, Virginia, for Defendant Kimberli Coley. John H. Jamnback, YARMUTH WILSDON PLLC, Seattle, Washington, for Appellee.

WYNN, Circuit Judge:

The Federal Communications Act allows for recovery of attorneys' fees for the prevailing party against the violator of the statute. Here, after the district court determined that Appellant Randy Coley d/b/a Its Thundertime, LLC violated the Federal Communications Act by misappropriating Appellee DIRECTV, Inc.'s satellite transmissions and selling them to his own customers,[1] it awarded attorneys' fees to DIRECTV against Coley.[2] But to recover the judgment and attorneys' fees in that matter, DIRECTV had to undertake extensive postjudgment litigation against Coley. DIRECTV now seeks additional attorneys' fees and costs to be assessed against Coley for amounts expended in postjudgment enforcement litigation.

After examining the text of the Federal Communications Act and analogous case law, we grant DIRECTV's motion for an award of postjudgment attorneys' fees.

I.

This case began with a third-party complaint against Coley and DIRECTV alleging a scheme in which Coley fraudulently procured satellite television programming from DIRECTV, and then sold and distributed that programming to unwitting customers. In response to the complaint, DIRECTV filed an amended cross-complaint against Coley for, inter alia, violations of the Federal Communications Act ("the Act"). In relevant part, the Act prohibits a person receiving, transmitting, or assisting in transmitting any interstate

---

[1] We affirmed the district court's determination of liability for Randy Coley and his alter egos. *See Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375 (4th Cir. 2018).

[2] For the sake of clarity in this opinion, Appellee will be referred to as "DIRECTV" and Appellant will be referred to as "Coley" throughout.

communication by wire or radio from publishing the contents of the communication to persons in an unauthorized manner. 47 U.S.C. § 605(a).

The district court granted summary judgment for DIRECTV against Coley and one of his companies pursuant to § 605(a). *Sky Cable, LLC v. Coley*, No. 5:11CV00048, 2013 WL 3517337, at *1, 19–31 (W.D. Va. July 11, 2013). Later, the district court determined that Coley was liable for 2,393 violations of § 605(a) and entered judgment against him in the amount of $2,393,000. *Sky Cable, LLC v. Coley*, No. 5:11CV00048, 2013 WL 5963027, at *1, 5–7 (W.D. Va. Nov. 7, 2013) (liability); *Sky Cable, LLC v. Coley*, No. 5:11CV00048, 2014 WL 279592, at *3, 5 (W.D. Va. Jan. 23, 2014) (judgment amount). The district court then granted $236,000 in attorneys' fees to DIRECTV. *Sky Cable, LLC v. Coley*, No. 5:11CV00048, 2014 WL 4407130, at *1, 13 (W.D. Va. Sept. 8, 2014).

Thereafter, Coley engaged in a series of actions to thwart DIRECTV's recovery of the judgment and attorneys' fees. For example, Coley failed to participate in postjudgment discovery, engaged in extensive dilatory litigation to prevent recovery against his shell companies, took contradictory stances about, among other things, his wife's involvement in his companies and her resultant liability, failed to comply with court orders, and committed fraudulent acts. After these maneuverings, the district court amended the damages award it had previously granted to DIRECTV against Coley to specify that it could be enforced against Coley *and* the related companies the court found were Coley's alter egos, with joint and several liability. *See Sky Cable, LLC v. Coley*, No. 5:11CV00048, 2016 WL 3926492, at *1, 20 (W.D. Va. July 18, 2016), *aff'd in part, appeal dismissed in*

6

*part sub nom. Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375 (4th Cir. 2018). The court later appointed a receiver to aid in the execution of the judgment.

On appeal from that judgment, we affirmed the district court's reverse corporate veil piercing, and subsequently granted DIRECTV's request for costs. *See Sky Cable*, 886 F.3d at 384–93; Order, Apr. 30, 2018, ECF No. 107.[3] DIRECTV then filed a motion for recovery of attorneys' fees related to the appeal and all postjudgment enforcement proceedings. *See* DIRECTV's Appl. for Attys' Fees & Costs, Apr. 11, 2018, ECF No. 101. In response to the motion for postjudgment attorneys' fees against all related parties, Coley filed a suggestion of bankruptcy that resulted in an automatic stay of court proceedings. *See* Suggestion, Apr. 30, 2018, ECF No. 108; Coley's Resp. in Opp'n to DIRECTV's Appl. for Attys' Fees & Costs, May 8, 2018, ECF No. 114. In light of Coley's suggestion of bankruptcy, we denied without prejudice DIRECTV's motion for postjudgment attorneys' fees against Coley and his alter egos because such an award was precluded by the bankruptcy court's automatic stay. *See* Order at 6, July 16, 2018, ECF No. 118 ("[T]he filing of a petition in bankruptcy operates as a stay of (1) the continuation of a judicial proceeding against the debtor that was commenced before the commencement of the bankruptcy case, or to recover a claim against the debtor that arose before the commencement of the bankruptcy case, or (3) any act to obtain possession of property of the estate." (citing 11 U.S.C. § 362(a)(1), (3))).

---

[3] "ECF No. ___" refers to documents filed in this Court in this matter, Case No. 16-1920. "Dkt. No. ___" refers to documents filed in the underlying matter, *Sky Cable, LLC v. Coley*, No. 5:11CV00048-MFU (W.D. Va.).

Afterwards, DIRECTV sought and obtained relief from the bankruptcy court's automatic stay in order to seek recovery from Coley. *See* Order Granting Mot. for Relief from Automatic Stay, *In re Coley*, No. 18-02154-5-JNC (Bankr. E.D.N.C. July 10, 2019), ECF No. 312. DIRECTV has now renewed its motion for postjudgment attorneys' fees. *See* DIRECTV's Renewed Appl. for Attys' Fees and Costs at 7–8, Aug. 2, 2019, ECF No. 120. DIRECTV requests a total of $57,295 in fees and $1,403.03 in costs not covered by this Court's prior order. *See* Renewed Appl. at 18, 20.

## II.

The issue on appeal is whether the Federal Communications Act permits the award of attorneys' fees and costs for postjudgment enforcement litigation and collection. It is an issue of first impression before this Court. We start by examining the text of the Act and analogous case law before turning to the facts of this case.

## A.

"[U]nder the default American rule that each party bears its own attorneys['] fees," a "prevailing party in a suit is not entitled to recover reasonable attorneys['] fees and costs from the losing party." *Brat v. Personhuballah*, 883 F.3d 475, 480, 484 (4th Cir. 2018) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975), which provides a history of this common-law rule). Congress, however, has altered this rule to include a statutory fee-shifting provision, providing that a court "*shall* direct the recovery of full costs, including awarding reasonable attorneys' fees to an *aggrieved party who prevails*" under § 605(a). 47 U.S.C. § 605(e)(3)(B)(iii) (emphases added). A prevailing party "is one [that] has been awarded some relief by the court." *Goldstein v. Moatz*,

445 F.3d 747, 751 (4th Cir. 2006) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001)). And the term "some relief" refers to relief that "create[s] the material alteration of the legal relationship of the parties necessary to permit an award of attorney[s'] fees," *id.* (quoting *Buckhannon*, 532 U.S. at 604), by "modifying the defendant's behavior in a way that directly benefits the plaintiff," *Gilbert v. Monsanto Co.*, 216 F.3d 695, 702 (8th Cir. 2000) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)).

There is no dispute that DIRECTV was the prevailing party on the merits of this action, and that it therefore is entitled to the initial award of attorneys' fees and costs ($236,000). But the Act does not explicitly speak to the question of whether *that* relief includes efforts to collect on that judgment or defend it on appeal, such that DIRECTV may also receive the roughly $60,000 in fees and costs it now seeks. Therefore, we look to analogous case law.

B.

In reviewing whether the recovery of attorneys' fees incurred during postjudgment enforcement litigation is mandated by the Federal Communications Act, we consider this Court's holdings in other contexts and the decisions of other courts. We conclude that attorneys' fees and expenses incurred while pursuing postjudgment collection litigation, including appeals thereof, qualify for compensation under the mandatory fee-shifting provision of the Act.

In other contexts, we have held that when a statute contains a fee-shifting provision, attorneys' fees for postjudgment enforcement action are appropriate. Notably, we have held

9

that an award of attorneys' fees is appropriate under 42 U.S.C. § 1988 for prevailing civil rights litigants' attempts to enforce their 42 U.S.C. § 1983 judgments. *See Dotson v. Chester*, 937 F.2d 920, 932–33 (4th Cir. 1991) (holding the district court did not abuse its discretion by awarding such fees, noting "[t]he compensatory goals of the civil rights laws would . . . be undermined if fees were not also available when defendants oppose[d] the *collection* of civil rights judgments" (quoting *Balark v. Curtin*, 655 F.2d 798, 803 (7th Cir. 1981))); *Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997) ("Reimbursement for post-judgment litigation fees can be as important as reimbursement for pre-judgment fees in accomplishing the purpose of section 1988."). Additionally, we have found that an award of attorneys' fees is appropriate under § 1988 for expenses incurred in defending a judgment pursuant to § 1983 on appeal. *See Spell v. McDaniel*, 852 F.2d 762, 771–72 (4th Cir. 1988). We see no reason to understand "prevailing party" differently in § 605 than we have in § 1988.

Other circuit courts have concluded that attorneys' fees are appropriate for postjudgment collection and enforcement efforts under fee-shifting statutes that, like § 605, are mandatory. *See, e.g.*, *Gilbert*, 216 F.3d at 702–03 (8th Cir.) (awarding attorneys' fees for efforts to enforce a settlement under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634); *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 544–45 (10th Cir. 2000) (holding the False Claims Act, 31 U.S.C. §§ 3729–3733, "allow[s] the award of attorney[s'] fees for time spent in post-judgment collection activities"); *cf. DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-CIV, 2009 WL 36550, at *4–5 (S.D. Fla. Jan. 6, 2009) (concluding attorneys' fees are available

10

under the mandatory fee-shifting provision of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, for postjudgment collection activities). We find this case law to be persuasive because "[i]t would make no more sense to deny attorney[s'] fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Free v. Briody*, 793 F.2d 807, 809 (7th Cir. 1986) (concluding that discretionary attorneys' fees were available under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461, for postjudgment collection proceedings).

This is especially true when, as here, the statute does not make a distinction between prevailing attorneys' fees accrued in obtaining the initial judgment, and those expended after the trial in collecting that judgment and defending it on appeal. *See id.* at 808 (noting that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality"). And it is compelling that other courts find fee-shifting provisions, like the one in the Federal Communications Act, to "encourage citizen enforcement of important federal policies." *Shaw*, 213 F.3d at 544 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560 (1986), to find the False Claims Act to be similar in purpose to the Clean Air Act and § 1988 and, therefore, that postjudgment fees and costs were recoverable).

Here, Congress amended the Act "to give . . . civil plaintiffs [like DIRECTV] the legal tools they need to bring [satellite] piracy under control" by "stiffening applicable civil . . . penalties," which included turning the fee-shifting provision into a mandatory

11

obligation of the courts. H.R. Rep. No. 100-887(II), at 28–29 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5638, 5657–58; *see also* Federal Communications Act, Pub. L. 100-667, § 205(5), (8), 102 Stat. 3935, 3959 (1988) (amending the Act's fee-shifting provision to be mandatory while leaving the other penalties discretionary). Thus, "Congress has determined that attorneys' fees are necessary to fulfill the purposes of the [Federal Communications Act] by transferring the costs of litigation to those" who violate the federal policy against satellite piracy. *Dotson*, 937 F.2d at 933 (quoting *Balark*, 655 F.2d at 803).

Indeed, "[t]he victory would be hollow if [the] plaintiffs were left with a paper judgment not negotiable into cash except by undertaking burdensome and uncompensated litigation." *Id.* (quoting *Balark*, 655 F.2d at 803); *see also G & G Closed Circuit Events, LLC v. CCDI, Inc.*, No. H-13-1735, 2014 WL 1775519, at *2 (S.D. Tex. May 2, 2014) (prospectively awarding attorneys' fees under the Act should the plaintiff obtain process in postjudgment collection efforts); *Joe Hand Promotions, Inc. v. Crowder*, No. 2:13-cv-02260-JTF-cgc, 2013 WL 12033212, at *1 (W.D. Tenn. Oct. 7, 2013) (prospectively awarding attorneys' fees pursuant to the Act for related posttrial and appellate services in the event the defendant failed to voluntarily pay judgment). Given that we allow recovery of fees and expenses for collection efforts and defending a judgment on appeal for matters pursuant to § 1988, a discretionary provision, we find it equally compelling to grant such recovery under the Act, a mandatory provision. *Compare* 42 U.S.C. § 1988(b) ("[T]he court, in its *discretion*, *may* allow the prevailing party . . . a reasonable attorney[s'] fee as part of the costs . . . ." (emphases added)), *with* 47 U.S.C. § 605(e)(3)(B)(iii) ("The court

*shall* direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." (emphasis added)).

Accordingly, we conclude attorneys' fees and costs incurred while pursuing postjudgment collection and enforcement litigation, including appeals thereof, qualify for compensation under the mandatory fee-shifting provision of the Act.

III.

Having concluded postjudgment enforcement fees and expenses are recoverable, we turn to DIRECTV's motion. For the reasons stated below, we grant DIRECTV's motion for postjudgment attorneys' fees.

DIRECTV, the prevailing party under the Act's fee-shifting provision, has prevailed in court at each turn of this winding case.[4] Each judicial order issued in this matter "awarded some relief by the court" to DIRECTV.[5] *Goldstein*, 445 F.3d at 751 (quoting *Buckhannon*, 532 U.S. at 603). These judicial decisions "modif[ied] [Coley's] behavior in a way that directly benefit[ed] [DIRECTV]." *Gilbert*, 216 F.3d at 702 (quoting *Farrar*, 506 U.S. at 111–12). There was a "material alteration of the legal relationship of the

___

[4] These successes include: the initial judgment against Coley; the granting of attorneys' fees and costs for the initial judgment; the order of the district court awarding damages to DIRECTV against not only Coley but also his alter egos; the order of this Court affirming the district court's decision regarding the alter egos; and the bankruptcy court's lifting of the automatic stay, which allowed DIRECTV to pursue attorneys' fees for postjudgment efforts from Coley and the alter ego.

[5] The only time DIRECTV did not have a successful outcome was when this Court rejected its first motion for postjudgment attorneys' fees. The denial as to Coley's wife was based on DIRECTV's earlier voluntary dismissal of her from Federal Communications Act claims. But the denial as to Coley and his alter egos was without prejudice and was not made on the merits. *See* Order, July 16, 2018, ECF No. 118.

parties," as Coley was changed from a co-defendant of DIRECTV into a judgment debtor of DIRECTV. [6] *Goldstein*, 445 F.3d at 751 (quoting *Buckhannon*, 532 U.S. at 604).

Further, DIRECTV's request for attorneys' fees and costs is reasonable. DIRECTV's renewed application refers to the Act as the statutory basis for the request, and DIRECTV provides detailed, itemized spreadsheets and summaries regarding the work conducted by their attorneys on their behalf. *See* DIRECTV's Renewed Appl. for Attys' Fees and Costs at 8, Aug. 2, 2019, ECF No. 120; Aff. (Second Decl. of John H. Jamnback in Supp. of DIRECTV's Appl. for Attys' Fees and Costs), Aug. 2, 2019, ECF No. 121; *see also* 4th Cir. R. 46(e) (requiring "[a]ny application for an award [for attorneys' fees to] include a reference to the statutory basis for the request and a detailed itemization of the

---

[6] Coley counters that the real issue on appeal was the veil-piercing/alter-ego issue regarding Coley's limited liability companies, and therefore Delaware law should control this dispute, not the Act. We do not agree. This case was on appeal from DIRECTV's efforts to enforce its judgment—a judgment obtained after the district court found that Coley violated the Act. DIRECTV only needed to engage in extensive postjudgment litigation, including the veil-piercing effort, because of Coley's substantial efforts to evade enforcement of the judgment. *See Sky Cable, LLC v. Coley*, No. 5:11CV00048, 2017 WL 437426, at *6 (W.D. Va. Jan. 31, 2017) (emphasizing "[t]hese [Delaware veil piercing] provisions govern the manner in which a judgment creditor may collect on a preexisting judgment; they do not describe or create causes of action upon which a party may be sued"). Veil-piercing is a mechanism sanctioned by Delaware law "to prevent [the] 'chicanery'" of "allow[ing] solvent debtors to engage in fraud by using the LLC form solely to avoid liability for their debts." *Sky Cable*, 886 F.3d at 389 (citations omitted); *see, e.g.*, *Manichaean Cap., LLC v. Exela Techs., Inc.*, 251 A.3d 694, 710, 713-14 (Del. Ch. 2021) ("taking the lead from . . . *Sky Cable*" to confirm "Delaware law allows for [outsider] reverse veil-piercing in limited circumstances and in circumscribed execution" to deter "owners of companies . . . from shuffling their assets" to "avoid[] a judgment"). As such, DIRECTV's efforts at "monitoring [Coley's] compliance with court orders and enforcing the remedy are . . . compensable as part of the underlying case." *Gilbert*, 216 F.3d at 703 (quoting *Jenkins*, 127 F.3d at 717). Therefore, recovery for attorneys' fees and costs for postjudgment litigation proceedings is appropriate in this case.

14

amounts requested."). This "evidence supporting the hours worked and rates claimed," *Newport News Shipbuilding and Dry Dock Co. v. Holiday*, 591 F.3d 219, 227 (4th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)), shows DIRECTV used the same hourly rates in this motion that the magistrate judge determined were reasonable in the underlying judgment. *See* Aff. at 7; *Sky Cable, LLC v. Coley*, No. 5:11CV00048, 2014 WL 4407130, at *1 (W.D. Va. Sept. 8, 2014). And, the number of hours claimed was adjusted to only reflect the hours worked on matters that were successful for DIRECTV on appeal. *See* Renewed Appl. at 15. We find these attorneys' fees and costs to be reasonable.[7]

For the foregoing reasons, we find DIRECTV to be the prevailing party and that it requested reasonable attorneys' fees and costs for its postjudgment enforcement proceedings against Coley.[8]

---

[7] Coley never objected to the amount or calculation of attorneys' fees as unreasonable, or in any other way challenged the reasonableness of the fees. *See* DIRECTV's Reply to Coley's Resp. in Opp'n at 5 n.1, Aug. 19, 2019, ECF No. 127. As such, we forego any further analysis of the reasonableness of the attorneys' fees. *See Brundle ex rel. Constellis Emp. Stock Ownership Plan v. Wilmington Tr., N.A.*, 919 F.3d 763, 781 (4th Cir. 2019), *as amended* (Mar. 22, 2019) (holding that the party challenging damages "forfeited its challenge to the methodology used by the district court when calculating the damages award" because it "did not provide the . . . court with an alternative damages calculation or offer any evidence that the court could use to devise its own"); *cf. McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (employing a three-step process for reviewing a district court's determination of attorneys' fees when a party challenged the fees as reasonable).

[8] The district court ordered Coley to post a $75,000 bond pursuant to Fed. R. App. P. 7 to cover DIRECTV's attorneys' fees and costs on appeal, and Coley posted such a bond. *See Sky Cable*, 2017 WL 437426, at *1, 7; Order, Jan. 31, 2017, Dkt. No. 371; *see also* Fed. R. App. P. 7 ("In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to

## IV.

For the foregoing reasons, DIRECTV's application for attorneys' fees and costs for postjudgment enforcement litigation is

*GRANTED.*

---

ensure payment of costs on appeal."). The bankruptcy court included this bond in its lift of the automatic stay. *See* Order Granting Mot. for Relief from Automatic Stay at 2, *In re Coley*, No. 18-02154-5-JNC (Bankr. E.D.N.C. July 10, 2019), ECF No. 312. Because we grant DIRECTV's recovery of postjudgment litigation attorneys' fees and costs under the Act, we permit DIRECTV to apply Coley's Rule 7 bond to the attorneys' fees and costs. *See Schmidt v. FCI Enters. LLC*, 3 F.4th 95, 99 (4th Cir. 2021) (noting that a Rule 7 appeal bond covers such costs "related to the appeal and are the costs a 'successful appellate litigant can recover pursuant to a specific rule or statute'" (quoting *Tennille v. W. Union Co.*, 774 F.3d 1249, 1254–55 (10th Cir. 2014)); *see also Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002) (concluding "that the meaning of 'costs,' as used in Rule 7, should be derived from the definition of costs contained in the statutory fee shifting provision that attends the plaintiff's underlying cause of action").